IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BERNARD KATZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-546 (MN) |
| | ) | |
| THE RITTENHOUSE ORGANIZATION, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Bernard Katz, Wilmington, Delaware. Pro Se Plaintiff.

David B. Anthony, BERGER HARRIS, LLP, Wilmington, Delaware. Counsel for Defendant.

January 23, 2020
Wilmington, Delaware

**NOREIKA, U.S. District Judge**:

Plaintiff Bernard Katz ("Plaintiff"), who appears *pro se*, filed this action on March 21, 2019, against Defendant The Rittenhouse Organization, Inc. ("Defendant"). (D.I. 1). Plaintiff asserts jurisdiction pursuant to 28 U.S.C. §1332 by reason of diversity of the parties. Before the Court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff opposes.

## I.   BACKGROUND

As alleged, Plaintiff is the sole proprietor of Telesonic Packing Corp. located in Wilmington, Delaware. (D.I. 1 at 1). Plaintiff owns property located at 1330 E. 12th Street in Wilmington, and Defendant, a Pennsylvania corporation, owns a secondary property at the location that is leased to Chemical Equipment Labs of DE, Inc. (*Id.* at 2). All entities owning or leasing property at the location are required to abide by a declaration made by the Wilmington Economic Development Corporation dated March 17, 1987. (D.I. 1 at 2; D.I. 1-1).

Plaintiff alleges that Defendant has violated paragraph 10 of the declaration that provides in pertinent part:

> Harmful Substances and Practices. . . . No equipment shall be operated or practiced which would result in unreasonable noises, gases, odors, lights, emissions, radiations or vibrations that would unreasonably disturb the enjoyment of other Parcel owners or tenants of their Parcels, or threaten their health, safety and welfare or damage their property.

(D.I. 1 at 2; D.I. 1-1 at 9). Plaintiff alleges that Chemical Equipment Labs of DE processes deicing salts and chemicals that cause an environmental hazard to surrounding areas in violation of paragraph 10 and that has caused extensive damage to Plaintiff's property. (D.I. 1 at 3). Plaintiff seeks compensatory damages.

The declaration contains an arbitration clause at Paragraph 14, as follows:

> Arbitration.  In the event that any dispute arises between the owners, tenant or occupants of any Parcel concerning the enforcement of any restriction herein, the

1

> matter shall at the request of either party be submitted for resolution by arbitration in Delaware using the Commercial Rules of the American Arbitration Association, which decision shall be final and binding upon such parties.

(D.I. 1-1 at 10).

Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiff must submit his claim to arbitration.

## II. <u>**LEGAL STANDARDS**</u>

The Federal Arbitration Act ("FAA") provides that written agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. A district court may only issue an order compelling arbitration when that court has "diversity jurisdiction or some other independent basis for federal jurisdiction . . . ." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983). The FAA mandates that district courts shall direct parties to proceed to arbitration on issues for which arbitration has been agreed, and to stay proceedings while the arbitration is pending. *See* 9 U.S.C. §§ 3, 4; *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985); *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 179-80 (3d Cir. 1999).

The FAA limits the role of courts to determine: (1) whether the parties entered into a valid arbitration agreement; and (2) whether the specific dispute falls within the scope of the agreement. *John Hancock Mutual Life Ins. Co. v. Olick*, 151 F.3d 132, 137 (3d Cir. 1998). In conducting this review, the court should apply the ordinary principles of contract law. *See* 9 U.S.C. § 2; *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

In determining whether the particular dispute falls within a valid arbitration agreement's scope, 'there is a presumption of arbitrability[.]'" *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 524 (3d Cir. 2009) (quoting *AT & T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650 (1986)); *see also Monfared v. St. Luke's Univ.*

*Health Network*, 767 F. App'x 377, 379 (3d Cir. 2019). This presumption applies whenever a contract has an arbitration clause and is "particularly applicable where the clause is [ ] broad." *Monfared*, 767 F. App'x at 379 (quoting *AT & T Techs., Inc.*, 475 U.S. at 650). "'Any doubts as to the scope of arbitrable issues should be resolved in favor of arbitration . . . .'" *Suter v. Munich Reinsurance Co.*, 223 F.3d 150, 155 (3d Cir. 2000) (quoting *Pattern Sec. Corp. v. Diamond Greyhound & Genetics, Inc.*, 819 F.2d 400, 405-407 (3d Cir. 1987)). When the presumption applies, "a court may not deny a motion to compel arbitration 'unless it may be said with positive assurance that the . . . arbitration clause is not susceptible of an interpretation that covers the dispute.'" *Cup v. Ampco Pittsburgh Corp.*, 903 F.3d 58, 64-65 (3d Cir. 2018) (quoting *AT & T Techs., Inc.*, 475 U.S. at 650). "If . . . the court determines that an agreement exists and that the dispute falls within the scope of the agreement, it then must refer the matter to arbitration without considering the merits of the dispute." *PaineWebber inc. v. Hartmann*, 921 F.2d 507, 511 (3d Cir. 1990) (overruled on other grounds) (citing *AT & T Techs., Inc.*, 475 U.S. at 649).

### III. DISCUSSION

Defendant moves to dismiss the Complaint in favor of arbitration pursuant Federal Rule of Civil Procedure 12(b)(6). Section 3 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq*. requires district courts to stay proceedings pending arbitration, not dismiss claims outright. *See Nino v. Jewelry Exch., Inc.*, 609 F.3d 191, 208 n.7 (3d Cir. 2010) (district court erred by granting defendant's motion to dismiss rather than staying claims pending results of arbitration); *Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 268–69 (3d Cir. 2004) (Section 3 of the FAA requires courts to stay rather than dismiss claims pending arbitration). Therefore, the Court will treat Defendant's motion as one to compel arbitration and stay the proceedings. *See Washington v. CentraState Healthcare Sys., Inc.*, No. 10-6279, 2011 WL 1402765, at *3 (D.N.J. April 13, 2011)

(adopting this approach when defendants incorrectly styled their motion as one for dismissal rather than a stay).

Defendant argues that Plaintiff's claim in this Court is barred by the arbitration clause and, because Plaintiff seeks to enforce the declaration against it, Plaintiff must submit his claim to arbitration. (D.I. 4 at 1). Defendant further states that while it disputes Plaintiff has standing to bring a claim against it, to the extent Plaintiff has a claim, it has made a demand to arbitrate the issue. (*Id*. at 3).

Plaintiff responds that the arbitration clause does not require him to submit to arbitration in lieu of filing a civil action, and he does not wish the matter to proceed to arbitration. (D.I. 5 at 1). In the alternative, he asks the Court to enter an order for Defendant to file the appropriate case with the American Arbitration Association. (*Id*. a 2). Defendant replies that it made a demand that Plaintiff pursue his claims through arbitration and it requests Plaintiff's claim be submitted to arbitration. (D.I. 6).

Plaintiff does not disagree that his claim falls within the scope of the arbitration clause. Rather, he contends he is not required to submit to arbitration because he filed this action in lieu of arbitration. The clause, however, is not unilateral. Rather it gives "either party" the ability to request resolution through arbitration. Here, Defendant indicates that it has requested Plaintiff's claim be submitted to arbitration which it may do under the arbitration clause. Public policy favors the enforcement of arbitration clauses if the parties validly entered into the agreement and the specific dispute falls within the scope of the clause. *BAE Sys. Aircraft Controls, Inc. v. Eclipse Aviation Corp.,* 224 F.R.D. 581, 586 (D. Del. 2004).

The declaration is valid and enforceable, and based upon the Complaint's allegations and the declaration, Plaintiff's claims appear to fall within the scope of the arbitration clause. Therefore, Plaintiff's claims must be resolved by arbitration.

## IV. **CONCLUSION**

For the above reasons, the Court will grant Defendant's motion to compel arbitration and stay the case. (D.I. 4).

An appropriate order will be entered.